IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**RONALD VINCENT WILLIAMS, 239426,** :

    **Plaintiff,** :

**vs.** : CIVIL ACTION 22-00185-JB-B

**MS. SIMS,** *et al.*, :

    **Defendants.** :

**ORDER**

This cause is before the Court for the screening of Plaintiff Ronald Vincent Williams' § 1983 action. This action now contains three complaints. (Docs. 1, 6, 8, 12). The original complaint was filed on another court's complaint form (doc. 1); therefore, Williams was ordered to file his complaint on this Court's § 1983 complaint form. (Doc. 3). Williams was directed that in filing his new complaint, he was not to reference or seek to incorporate by reference his original complaint. In the original complaint, Williams complained about having bloodwork drawn by Defendant Nurse Sims with a needle that was allegedly contaminated with Hepatitis C (doc. 1 at 3-4, PageID.3-4). Williams claims this resulted in him contracting Hepatitis C, (Doc. 1-1 at 14).[1]

---

[1] In his original complaint, which Williams signed under penalty of perjury, he reported that he had previously filed one lawsuit, which was with the Alabama Board of Adjustment against Nurse Sims

The first amended complaint named as Defendants Nurse Sims, Wexford H.S. Inc., and Wexford Health (unreadable) in Section III, which is where the complaint form advises that the persons listed in this section will be considered by the Court as the defendants to this action. (Doc. 6 at 8-9, PageID.78-79; see Doc. 6 at 1 (D), PageID.72). As best the Court can discern, it appears that the two Wexford Defendants may be the same entity. On the same day that Williams filed his first amended complaint, he also filed a Motion seeking to have the materials he submitted with his original complaint as Exhibits A through C (medical grievances)[2] filed with his amended complaint because the Exhibits were his original copies[3] and a Motion to supplement the complaint. (Docs. 7, 8). In an effort to discern Williams' allegations, the undersigned is treating as his first amended complaint Documents

---

for medical assault. (Doc. 1 at 1-2). Per Williams, that action was dismissed because Sims was not a state employee. (Id. at 2, PageID.2). In his first amended complaint, which was signed under penalty of perjury, Williams lists one case in response to the complaint form's question about filing prior actions. This response is at odds with his response he provided in his original complaint regarding the previously listed Board of Adjustment case. (Doc. 6 at 3, PageID.73). Moreover, PACER (Public Access to Court Electronic Records) lists fourteen cases having been filed by Williams, including the present case, under the names Ronnie Vincent Williams and Ronnie V. Williams. Williams is hereby placed on notice that fraud on the Court will not be tolerated.

[2]  These Exhibits are found at Attachment 5 and consist of sixteen pages.

[3]  The undersigned is withholding a ruling on the Motion at Document 7 until the third amended complaint is filed.

6, 8 and 8.  Nearly a month after filing the referenced documents, Williams filed yet another complaint alleging that he was not receiving his legal mail at the Camden Work Center.  (Doc. 12, PageID.97).

Upon careful review of the numerous filings by Williams in this action, the Court hereby directs Williams to file, by no later than **November 4, 2022,** a third amended complaint on this Court's § 1983 complaint form.  The third amended complaint must contain all of Williams' claims related to the April 28, 2020 incident at Fountain Correctional Facility involving his allegation that bloodwork was drawn that revealed he had Hepatitis C and being prescribed Epclusa and not receiving it while at Fountain.  This third amended complaint shall not be filed in a piecemeal manner, as Williams did with his first amended complaint. This amended complaint shall be on the Court's required form complaint, with additional pages being attached, if needed, and in the format described in the directions in the complaint form at Sections II(G) and III(C).

When pleading his third amended complaint, Williams is **ORDERED** to complete the Court's § 1983 complaint form in its entirety, and to utilize legible writing so as to enable the Court to read and understand his allegations[4].  If the amended complaint

---

[4] Some of Williams' pleadings and filings in this action are very

cannot be read, it may be **stricken** in its entirety. Furthermore, the present complaints contain an overabundance of useless phrases and words that cloud the pertinent allegations.[5] Williams shall avoid the usage of useless words and phases in his third amended complaint.

The third amended complaint will take the place of the original complaint and amended complaints. Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Williams shall not refer to his original complaint and amended complaints, as they are considered abandoned, nor shall he seek to incorporate by reference his original complaint and amended complaints. Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006).

Rule 20(a), governing joinder of defendants, authorizes "persons [to] be joined in one action as defendants if: . . . any

---

difficult and at time, impossible to read.

[5] The complaint form instructs:

> Pleading the Complaint. Your complaint should not contain legal arguments, case law or statutory citation. You are required to provide facts. Your complaint shall be a short and plain statement of your claim and shall provide fair notice to each defendant of the claim against that defendant and of the factual ground upon which the claim rests.

(Doc. 1 at 2(E)).

right to relief . . . asserted against them aris[es] out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A)&(B). Thus, Williams' claim concerning nonreceipt of his legal mail at Camden must be brought in a separate action, as this claim is not based on the same operative facts as those involving the medical claims that arose at Fountain. Republic Health Corp. v. Lifemark Hosp. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985). Furthermore, claims that arise in other Districts will not be addressed by this Court. See 28 U.S.C. § 1391(b) (providing that venue for a claim is generally in the judicial district where the defendant resides or where a substantial part of the events giving rise to the claim occurred).

In addition, Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint be a "short and plain statement" showing that the plaintiff is entitled to relief. FED.R.CIV.P. 8(a). Williams' initial complaint was not short, nor was it plain. It was not plain for some of the reasons mentioned above, e.g., excess language clouding the facts. Nor was it short. The original complaint with exhibits consisted of fifty-three pages. (Doc. 1). Then, the first amended complaint, which included an affidavit, consisted of eighteen pages (doc. 6), in addition to a

5

separate certificate service and a Motion (doc. 7), and another Motion to supplement the complaint (doc. 8).

When pleading his third amended complaint, Williams shall ensure that it contains a short statement and contains the pertinent facts of the claims. A separate, personal affidavit is unnecessary because all pertinent information should be contained in the third amended complaint, which must be signed under penalty of perjury. As long as the third amended complaint is signed under penalty of perjury, it will be treated as an affidavit should this action proceed to summary judgment.

Considering Williams' claims related to Hepatitis C and the medical treatment he received at Fountain in this District, it is **ORDERED** that his amended complaint contain no more than fifteen (15) pages. See Abell v. Sothen, 214 F. App'x 743, 747 (10th Cir. 2007) (finding a 37-page complaint was not a short and plain statement); Miles v. Trempealeau Cnty., 204 F. App'x 570, 573 (7th Cir. 2006) (finding that a 28-page complaint failed to meet Rule 8's requirements); Wimbush v. Kemp, 2020 WL 7249036, at *2-3 (M.D. Ga. 2020) (dismissing the action for the plaintiff's failure to follow the magistrate judge's order to limit the recast complaint to 15 pages when a 45-page complaint was filed); Streeter v. City of Pensacola, 2007 WL 809786, at *2 (N.D. Fla. Mar. 15, 2007) (limiting the court-ordered amended complaint to 25 pages);

6

Coleman v. Butler, 2005 WL 1876166, at *1 (N.D. Fla. Aug. 3, 2005) (limiting the amended complaint to 12 pages because the original 30-page complaint was repetitive and not a short and plain statement); Barr v. Gee, 2010 WL 3002875, at *1 (M.D. Fla. July 28, 2010) (limiting the amended complaint to 30 pages after reviewing the 137-page original complaint).

Regarding the pleading of the substantive content of his third amended complaint, Williams must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (emphasis added). A plaintiff must "nudge[ ] [his] claims across the line from conceivable to plausible." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires the pleading of "more than labels and conclusions," "a formulaic recitation of the elements of a cause of action," "an unadorned, the-defendant-unlawfully-harmed-me accusation," and "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678, 129 S.Ct. at 1949. While the "complaint 'does not need detailed factual allegations, [it still] must give the defendant fair notice of what the plaintiff's claim

is and the [factual] grounds upon which it rests[.]" Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010) (citation and internal quotation marks omitted). Vague and conclusory allegations that do not provide specific facts are subject to dismissal. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Moreover, to show that a defendant is liable for the misconduct, a plaintiff is required to include factual allegations for each essential element of his or her claim. Randall, 610 F.3d at 707 n.2. Williams should be mindful of the foregoing rules of law in pleading his third amended complaint.

Moreover, to state a constitutional deprivation in the medical context against an individual person or a corporate medical provider, it must be alleged that a "deliberate indifference to serious medical needs" occurred that can be attributed to the individual defendant or to the corporate medical provider defendant. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); cf. Brennan v. Thomas, 780 F. App'x 813, 822 (11th Cir. 2019); (observing that a difference of opinion over medical treatment does not support a finding of deliberate indifference). Furthermore, negligent conduct cannot serve as a basis for liability under § 1983. Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). "Medical malpractice does not become a constitutional violation merely

because the victim is a prisoner." Estelle, 429 U.S. at 106, 97 S.Ct. at 292.

For a corporate medical provider, such as Wexford, to be held liable in a § 1983 action, the claim against it must be based on its policy or custom that caused a deprivation of a plaintiff's constitutional rights. Ort v. Pinchback, 786 F.2d 1105, 1107 (11th Cir. 1986); accord Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir.) (applying § 1983's municipality law to a corporate medical provider), cert. denied, 522 U.S. 1018 (1997). In a § 1983 action, a corporate medical provider cannot be held vicariously liable for its employee's actions. Brennan, 780 F. App'x at 821; Ort, 786 F.2d at 1107 (same). Thus, to state a claim against the corporate medical provider, it is necessary for Williams to describe Wexford's custom or policy that was deliberately indifferent to his serious medical needs. Brennan, 780 F. App'x at 822.

A causal connection is required to be shown in a § 1983 action between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights to state a claim. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983). A plaintiff can demonstrate this causal connection by alleging facts that show what each defendant did to violate his constitutional or federal rights or,

9

to state it another way, that show how each defendant was involved in his claim and caused a violation of his constitutional or federal rights.

In the Eleventh Circuit, a *pro se* plaintiff is to be given at least one chance to amend the complaint before his case is dismissed where a more carefully drafted complaint might state a claim. Langlois v. Traveler's Ins. Co.*,* 401 F. App'x 425, 427 (11th Cir. 2010). Thus, Williams is being **GRANTED** leave of Court to afford him **one final** opportunity to file a third amended complaint that complies with the Court's pleading directives set forth and that is on this Court's required § 1983 complaint form.

Williams is again cautioned that failure to timely comply with this order's pleading directives or to notify the Court immediately of a change address will result in a recommendation that this action be dismissed for failure to prosecute and to obey the Court's order. See Skillern v. Georgia Dep't of Corr. Comm'r, 379 F. App'x 859, 860 (11th Cir. 2010) (affirming the action's dismissal without prejudice for the prisoner's failure to obey the court's order to file a complaint that complied with Rule 20(a) when his claims against defendants did not arise "out of the same transaction, occurrence, or series of transactions or occurrences"); Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015) (affirming dismissal of the original

10

complaint for noncompliance with Rule 20(a) as the plaintiff's *pro se* status did not relieve him of the obligation to comply with Rule 20(a)); Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)("the court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); Frith v. Curry, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the Court's order and did not pay the partial filing fee even though he filed his signed consent form).

    The Clerk is **DIRECTED** to send Williams a form for a § 1983 complaint.

    **DONE** this **5th** day of **October, 2022.**

                                                 **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**