# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| RONALD VINCENT WILLIAMS, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 22-00185-JB-B |
| MS. SIMS, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court for review. Plaintiff Ronald Vincent Williams, who is proceeding *pro se*, filed the instant action under 42 U.S.C. § 1983 while he was in the custody of the Alabama Department of Corrections ("ADOC"). Williams was granted leave to proceed *in forma pauperis*, and he paid an initial partial filing fee of $13.94 pursuant to 28 U.S.C. § 1915(b)(1). (Docs. 10, 11). ADOC was ordered to collect the remainder of the $350.00 filing fee from Williams's inmate account in accordance with 28 U.S.C. § 1915(b)(2).[1] (Doc. 14).

Thereafter, Williams filed two notices of change of address indicating that he was no longer incarcerated. (Docs. 21, 22). With his release, ADOC could no longer collect the remainder of

---

[1] If a prisoner is permitted to proceed *in forma pauperis*, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. See 28 U.S.C. § 1915(b)(1)-(2).

the $350.00 filing fee from Williams's inmate account. Therefore, on March 23, 2023, the undersigned ordered Williams to either pay the remainder of the $350.00 filing fee or file a new motion to proceed without prepayment of fees ("IFP motion") on the Court's form for such motions by April 24, 2023. (Doc. 23). In the order, the Court specifically informed Williams that if he elected to file a new IFP motion, he was required to answer all of the form's questions, to include information explaining how he was providing for life's basic necessities, and to detail any assistance he was receiving and identify each individual or entity providing such assistance. (Id. at 2). The Court advised Williams that his motion needed to convey a complete and accurate picture of his entire financial situation. (Id.).

Williams filed a new IFP motion on April 11, 2023. (Doc. 24). Page two was missing from Williams's IFP motion form, leaving the Court unable to determine his employment and financial status. Williams's IFP motion violated the Court's specific directives for him to detail the amount of any assistance he was receiving and identify each individual or entity providing such assistance. It also failed to explain how Williams was providing for life's basic necessities (other than food) and did not convey a complete and accurate picture of his financial situation. Accordingly, in an

order dated April 11, 2023,[2] the Court denied the IFP motion without prejudice and ordered Williams to file a new IFP motion or pay the remainder of the filing fee by April 24, 2023. (Doc. 25).

Williams failed to comply with or otherwise respond to the order dated April 11, 2023. Thus, on May 9, 2023, the undersigned ordered Williams to show cause, by June 2, 2023, for his failure to comply with the Court's order dated April 11, 2023. (Doc. 26). The Court cautioned Williams that failure to comply with the show cause order within the prescribed time would result in a recommendation that this action be dismissed for failure to prosecute and to obey the Court's orders, and it advised him that there would be no further warnings. (Id. at 3).

The orders dated April 11, 2023 and May 9, 2023 were mailed to Williams at the address listed in his most recent filings (see Docs. 22, 24), and none of the Court's orders mailed to Williams at that address have been returned as undeliverable. However, Williams has not responded to the Court's show cause order despite being ordered to do so by June 2, 2023, nor has he filed a new IFP motion or paid the remainder of the filing fee in compliance with the Court's order dated April 11, 2023. Williams has not requested additional time to comply with the Court's orders, he has not indicated that he is unable to comply with the orders, and he has

---

[2] Although it was dated April 11, 2023, the order was not docketed and mailed to Williams until April 13, 2023.

3

not provided any other explanation for his failure to file a new IFP motion or pay the remainder of the filing fee as directed.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, despite the Court's warnings regarding the consequences of noncompliance, Williams has made no apparent attempt to comply with the Court's order directing him to either

4

file a new IFP motion or pay the remainder of the filing fee. Nor has Williams indicated that he is unable to comply with the Court's order, sought additional time within which to comply, or shown cause for his failure to comply as directed. Williams's lack of response suggests that he has lost interest in and abandoned the prosecution of this action.

The undersigned submits that Williams's repeated failures to respond to orders of this Court demonstrate a clear record of delay and willful conduct. In light of Williams's failure to prosecute this action and his repeated failures orders to obey or even respond to orders of this Court, it is recommended that this action be **DISMISSED** pursuant to Rule 41(b) and this Court's inherent authority, as no lesser sanction will suffice.[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

[3] The Court notes that Williams complains of acts or omissions that occurred in 2020. (See Doc. 1 at 4-8). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action would be tantamount to dismissal with prejudice, because Williams would not have the ability to refile his claims within the limitation period. Nevertheless, the undersigned submits that dismissal is an appropriate sanction for Williams's willful and repeated failures to obey orders of this Court and to prosecute this action, as it does not appear that any lesser sanction will suffice.

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **12th** day of **June, 2023.**

   /S/ SONJA F. BIVINS   
**UNITED STATES MAGISTRATE JUDGE**
